

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| GEORGE D. MCLEARY, III, | ) | No. ED103282 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Montgomery County, Missouri |
| vs. | ) | 14AA-CC00008 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Wesley C. Dalton |
| | ) | |
| Respondent. | ) | Filed: June 7, 2016 |

**OPINION**

George D. McLeary, III, was convicted by a jury of one count of attempt to manufacture a controlled substance (methamphetamine) and was sentenced to fifteen years in prison. McLeary appealed the conviction contending that the trial court erred by allowing the State to cross-examine the sole defense witness, his girlfriend Mary Mehrle, about the details of her prior shoplifting violation in which she had purportedly stolen pseudoephedrine, an ingredient used in the manufacture of methamphetamine. McLeary's conviction was affirmed on direct appeal. *State v. McLeary*, 423 S.W.3d 888 (Mo.App.E.D. 2014).[1]

McLeary now appeals the denial without an evidentiary hearing of his Rule 29.15[2] motion for post-conviction relief. In his sole point on appeal, McLeary claims he received

---

[1] Additional underlying facts of this case are set out in this Court's prior opinion.
[2] All references to rules are to the Missouri Supreme Court Rules (2015) unless otherwise indicated.

ineffective assistance of counsel because his trial attorney failed to object to Mehrle's above-described testimony. Finding no clear error, we affirm.

## Standard of Review

Appellate review of the denial of a Rule 29.15 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Anderson v. State,* 196 S.W.3d 28, 33 (Mo.banc 2006). Findings and conclusions are clearly erroneous if after a review of the entire record we are left with the definite and firm impression that a mistake has been made. *Id.* We presume that the motion court's findings are correct. *Id.*

## Discussion

**A. The motion court did not clearly err in denying McLeary's claim of ineffective assistance of trial counsel.**

During cross-examination, Mehrle testified that prior to this case she had never been involved in a situation like this case where she was stopped and interrogated by the police. The trial court ruled that this testimony "opened the door" to questioning Mehrle about her previous shoplifting violation which the State asserted involved the theft of pseudoephedrine. McLeary asserts that Mehrle's theft involved Suphedrine P.E., not pseudoephedrine, and that Suphedrine P.E. does not contain pseudoephedrine, nor, according to McLeary, is Suphedrine P.E. used to make methamphetamine.

Here, McLeary contends that trial counsel was ineffective by failing to object to the State's mischaracterization that pseudoephedrine was found on Mehrle during this previous shoplifting incident. McLeary contends that the incorrect reference to pseudoephedrine allowed the jury to infer that McLeary and Mehrle were involved in the manufacture of methamphetamine based on Mehrle's prior possession of pseudoephedrine.

2

On his direct appeal, this Court found that because McLeary failed to object to this evidence at trial, McLeary failed to preserve the issue for review but nevertheless this Court exercised its discretion and reviewed the matter for plain error. *Id.* We found that while the alleged error facially established grounds to believe that a manifest injustice or miscarriage of justice may have occurred, the particular circumstances of the case demonstrated that no manifest justice or miscarriage of justice had actually occurred. *Id.* at 896-97. Specifically, we concluded that "[b]ecause of the overwhelming evidence of the defendant's guilt and the fact that the reference to pseudoephedrine was not overemphasized, we find the error alleged did not have a decisive effect on the jury's determination and no reasonable probability exist[ed] [that] the verdict would have been different but for the alleged error." *Id.* at 898.

Based on this ruling, the motion court found that McLeary was precluded from re-litigating this claim under the guise that it constituted the ineffective assistance of counsel and further that McLeary could not show prejudice. Though we disagree that McLeary is precluded from raising this issue here, we find that McLeary cannot show that he was prejudiced, and therefore, we affirm.

To prove ineffective assistance of trial counsel, the movant must prove the following two-prong test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984), by a preponderance of the evidence: 1) that counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and 2) that as a result thereof, the movant was prejudiced. *Zink v. State*, 278 S.W.3d 170, 175 (Mo.banc 2009). The movant must overcome a strong presumption that counsel's performance was reasonable and effective to meet the first prong. *Id.* at 176. To satisfy the second prong, the movant must show that there was a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *Id.* If

3

either the performance or the prejudice prong is not met, then we need not consider the other and the claim of ineffective assistance must fail. *State v. Simmons*, 955 S.W.2d 729, 746 (Mo.banc 1997).

The standards of review we apply on direct appeal and on a post-conviction motion alleging ineffective assistance of counsel are different. *Deck v. State*, 68 S.W.3d 418, 428 (Mo.banc 2002). On direct appeal, the issue is whether the trial court erred in its ruling at trial. *Id.* at 427. We review preserved error for prejudice, not mere error, and will reverse only if the error is so prejudicial that it deprived the defendant of a fair trial. *Id.* On the other hand, when a party fails to preserve an allegation of error on direct appeal, then the trial court cannot normally be accused of error in its rulings, much less prejudicial error. *Id.* But in order to serve the need for accuracy in the outcome of a trial, we have the discretion to review for plain error if a manifest injustice or miscarriage of justice would otherwise result. *Id.* at 427-28; Rule 30.20. The standard of review in both contexts presupposes that the trial was a fair proceeding. *Id.* at 428.

By contrast, when a post-conviction motion alleging ineffective assistance of counsel is filed, the defendant asserts that he was deprived of his right to effective assistance of counsel and thus did not receive a fair trial. *Id.* Despite the difference in the two standards, a claim of error that fails plain error review on direct appeal will most likely fail in a post-conviction proceeding alleging ineffective assistance of counsel, but there are a small number of cases in which the application of the two standards of review will produce different results. *Id.* This case is not one of them. The application of the standard of review to McLeary's post-conviction motion produces the same result, and McLeary's claim fails.

4

In denying McLeary's motion, the motion court found that McLeary could not prove the prejudice prong of his ineffective assistance of counsel claim. We agree. In order to satisfy the prejudice prong, McLeary had to show that there was a reasonable probability that, but for counsel's alleged errors, i.e., failing to object to the State's cross-examination of Mehrle regarding her previous shoplifting incident, the outcome would have been different. But as this court found in McLeary's direct appeal, no reasonable probability exists that the outcome would have been different. *McLeary*, 423 S.W.3d at 898.

The evidence against McLeary was overwhelming. McLeary and his girlfriend were seen by the police going from store to store purchasing supplies commonly used in the manufacture of methamphetamine, such as lighter fluid, plastic tubing, and cold packs. When the police stopped McLeary and his girlfriend the police found a piece of paper with them containing a list of items typically used to make methamphetamine and McLeary was thereafter arrested. McLeary told the police that he had just been released from prison for convictions relating to the manufacture of methamphetamine and since he needed money he agreed to purchase the items on the list for someone in return for payment. However, at trial, Mehrle testified that they purchased the items in order to barbeque, to replace a hose on an aquarium, and to treat knee pain.

Further, as we found in our opinion from McLeary's direct appeal, the reference to pseudoephedrine, as one of the items Mehrle had previously shoplifted, was not overemphasized. After the trial court ruled that Mehrle opened the door to questioning about her prior shoplifting violation, the State asked Mehrle if she remembered being detained for stealing items, including pseudoephedrine. McLeary's trial counsel did not object to this question when it was asked, but after Mehrle finished testifying, McLeary's counsel told the court outside the presence of the jury that he did not hear the State's reference to pseudoephedrine at the time and, even if he had,

he may not have objected because he would not have wanted to call any more attention to the reference than the jury had already heard. The State then agreed that it would not make any reference to pseudoephedrine in its closing argument. Trial counsel's failure to object to this one question, even if error, does not create a reasonable probability that the outcome would have been different given the overwhelming evidence against McLeary. Thus, the motion court did not clearly err. Point denied.

## Conclusion

For the reasons stated above, we affirm.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J. and
Lawrence E. Mooney, J., concur.

6